[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11135
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20719-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO ORGANES-GANDAVILLA,
a.k.a. Arturo Organes Gandavilla,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 17, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Arturo Organes-Gandavilla appeals his combined sentence of 228 months of

imprisonment for conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel, 46 U.S.C. App. § 1903(a), possession with intent to distribute five or more kilograms of cocaine while on board a vessel, 46 U.S.C. App. § 1903(j), and possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Organes-Gandavilla argues that his sentence is unreasonable because of an unwarranted sentencing disparity between his sentence and the sentences of his co-conspirators. We affirm.

"We review the sentence imposed by the district court for reasonableness." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

Section 3553 of the sentencing guidelines includes as a sentencing factor "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The district court considered this factor and found that the greater sentence imposed on Organes-Gandavilla was not unwarranted because Organes-Gandavilla was responsible for a firearm. The sentence imposed was not unreasonable.

2

The sentence is

**AFFIRMED.**